UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NANCY PETROSKY<br>　　Plaintiff<br><br>v.<br><br>RENAISSANCE RECOVERY<br>SOLUTIONS, INC.<br>　　Defendant | COMPLAINT<br><br><br><br>JURY TRIAL DEMANDED<br><br>JUNE 4, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed by the defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes pendent State law claims for intentional infliction of emotional distress, trespass, and for violation of the Connecticut Unfair Trade Practices Act.

### II. PARTIES

2. The plaintiff, Nancy Petrosky, is a natural person residing in Torrington, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. The defendant, Renaissance Recovery Solutions, Inc. ("Renaissance"), is a Nevada corporation and is a debt collector as defined by FDCPA § 1692a(6).

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367 and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over Renaissance because it engages in repossession activities within Connecticut.

6. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

7. Plaintiff had financed the purchase of an automobile (the "Vehicle") by co-signing with her daughter a retail installment sales contract that was assigned to Capital One Auto Finance, Inc. ("COAF"), which contract resulted in a debt ("the Debt").

8. Although Plaintiff cosigned on the Vehicle, her daughter was the one who possessed the Vehicle and made payments on it.

9. Sometime around January 2010, Plaintiff's daughter, who was not living with Plaintiff at the time, stopped making payments under the aforementioned retail installment sales contract.

10. COAF hired Renaissance to repossess the Vehicle.

11. Sometime in the beginning of February 2010, a Renaissance representative came to Plaintiff's house and started banging on Plaintiff's door; he pressed a badge against the window near that door and screamed at Plaintiff to tell him the location of the Vehicle.

12. Plaintiff was not aware of the Vehicle's location at that time, and she told that Renaissance representative that she did not know the Vehicle's location, but he

nevertheless continued to scream at her, and he called her a liar, threatened to go to the police department, take her house, and have her arrested.

13. Plaintiff was living by herself at the time these threats were made, and she found that Renaissance representative's behavior very threatening in that she believed he was about to break through the door and charge into her house, and she worried that she would be arrested and her house foreclosed upon; as a result of these fears and worries, she suffered severe anxiety and humiliation which reduced her to tears.

## V. CLAIMS FOR RELIEF

### COUNT ONE
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

14. Plaintiff incorporates Paragraphs 1-13.

15. Renaissance violated the § 1692f(6)(A) of the FDCPA by threatening to repossess the Vehicle without legal process and by breaching the peace despite the fact that Connecticut law expressly restricted the defendant to retaking the Vehicle through legal process in the event the Vehicle could not be retaken without a breach of the peace.

16. For Renaissance's violation of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages (including emotional distress damages), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO
## Intentional Infliction of Emotional Distress

17. Plaintiff incorporates Paragraphs 1-13.

18. Renaissance knew, or reasonably should have known, that its conduct would likely cause emotional distress to Plaintiff.

19. Renaissance's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

## COUNT THREE
## Trespass

20. Plaintiff incorporates Paragraphs 1-13.

21. Renaissance committed trespass by its repossession activities, as described above.

22. Plaintiff is entitled to her damages.

## COUNT FOUR
## CUTPA

23. Plaintiff incorporates Paragraphs 1-13.

24. Renaissance has engaged in unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA").

25. Plaintiff has suffered an ascertainable loss, because she has been subjected to illegal repossession activities.

WHEREFORE, the Plaintiff seeks recovery of monetary damages; actual damages (including emotional distress damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k, and actual damages, punitive damages, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

PLAINTIFF, NANCY PETROSKY

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber. Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Road
Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457